KELLEY DRYE & WARREN LLP
Lee S. Brenner (STATE BAR No. 180235)
10100 Santa Monica Boulevard
23rd Floor
Los Angeles, CA 90067-4008
Telephone:  (310) 712-6100
Facsimile:  (310) 712-6199
Lbrenner@kelleydrye.com

Michael C. Lynch (*pro hac vice* motion forthcoming)
Joseph A. Boyle (*pro hac vice* motion forthcoming)
James B. Saylor (*pro hac vice* motion forthcoming)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
Telephone:  (212) 808-7800
Facsimile:  (212) 808-7897

Attorneys for Defendants International Hair Institute, LLC and Keranique, LLC

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IZABELLE J. DOUCET, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL HAIR INSTITUTE, LLC, a Virginia limited liability company; KERANIQUE, LLC, a Virginia limited liability company; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.  '17CV0823 LAB KSC<br><br>**DEFENDANTS INTERNATIONAL HAIR INSTITUTE, LLC, and KERANIQUE, LLC'S NOTICE OF REMOVAL** |

## NOTICE OF REMOVAL

Defendants International Hair Institute, LLC, and Keranique, LLC, ("Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby remove the above-captioned action (the "Action") from the Superior Court of the State of California, County of San Diego ("San Diego Superior Court") to the United States District Court for the Southern District of California, on the grounds that this Court has jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) because the Complaint filed in the State Court Action by Izabelle Doucet ("Doucet" or "Plaintiff"), plausibly seeks relief in excess of $5,000,000, exclusive of interests and costs, and seeks certification of a putative class that satisfies CAFA's diversity threshold. By removing this case, Defendants do not waive, but expressly reserve, any and all defenses available to them.

## I. PROCEDURAL HISTORY

1. This Action was commenced on March 20, 2017, by the filing of a complaint (the "Complaint"), captioned as *Izabelle J. Doucet, individually and on behalf of all others similarly situated, v. International Hair Institute, LLC, a Virginia limited liability company; Keranique, LLC, a Virginia limited liability company; and Does 1-50, inclusive*, Case No. 37-2017-00009996-CU-MC-CTL, in Superior Court of the State of California, County of San Diego ("San Diego Superior Court"). True and correct copies of the Complaint, the summons, and all process, pleadings, and orders served on Defendant are attached to this Notice of Removal, as required by 28 U.S.C. § 1446(a).

2. Defendants were served with the Summons and Complaint on March 24, 2017. Specifically, Plaintiff personally served Defendants on March 24, 2017 by delivering a copy of the Summons and Complaint via a process server to Defendants' corporate headquarters in Jersey City, New Jersey, and leaving with an agent of Defendants. *See* Declaration of Andrew J. Surwilo ("Surwilo Decl."), ¶ 6. Defendants also received a copy of the complaint by mail on March 27, 2017. *Id.*

3. Promptly after filing this Notice of Removal, Defendants will give written notice of the removal to Plaintiff through her attorneys of record in the Action, as well as to the Clerk of the San Diego Superior Court, as required by 28 U.S.C. § 1446(d).

4. The San Diego Superior Court is located within the Southern District of California. 28 U.S.C. § 84(d). This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

5. No admission of fact, law, liability, or damages is intended by this Notice of Removal, and all defenses, affirmative defenses, objections and motions are hereby reserved.

6. Both Defendants join in the Notice of Removal, therefore, no consent to removal is necessary.

## II.   NOTICE OF REMOVAL IS TIMELY

7. In accordance with 28 U.S.C. § 1446(b), Defendants are filing this Notice of Removal within the 30-day removal period. Here, Defendants were served with the Summons and Complaint on March 24, 2017. *See* Surwilo Decl., ¶ 6. Because this Notice of Removal was filed within 30 days thereafter, the filing of this Notice of Removal is timely.

## III.   THIS COURT HAS ORIGINAL JURISDICTION OVER PLAINTIFF'S CLAIMS PURSUANT TO CLASS ACTION FAIRNESS ACT ("CAFA")

8. This Court has original jurisdiction over this action under CAFA. 28 U.S.C. § 1332(d). CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which *any* member of a class of plaintiffs is a citizen of a state different from *any* defendant, the class has more than 100 members, and where the amount in controversy for the putative class members exceeds $5,000,000, exclusive of interests and costs. *Id.*; *see also Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 551 (2014).

9. CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

**A.      Minimal Diversity Exists**

10. Plaintiff Doucet is an individual and a resident of California. Complaint ("Compl.") ¶ 1.

11. Presently, at the time the Complaint was filed, and at all times relevant to this Notice of Removal, Defendants International Hair Institute, LLC and Keranique, LLC have been Limited Liability Companies organized and existing under the laws of Virginia. Both International Hair Institute and Keranique's principal offices are located in Jersey City, New Jersey. Atlantic Coast Media Group ("ACMG") is the sole member of both International Hair Institute and Keranique. ACMG is a company incorporated in Virginia, with its principal place of business in Jersey City, New Jersey. Surwilo Decl., ¶ 5; *see also* 28 U.S.C. § 1332(c) (corporation is "citizen" of both the state in which it was incorporated and its principal place of business).

12. Accordingly, minimal diversity exists. *See* 28 U.S.C. § 1332(d)(2)(A).

**B.      There Are At Least 100 Members in Plaintiffs' Proposed Class**

13. This action meets the CAFA definition of a class action, which is "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. §§ 1332(d)(1)B), 1453(a) & (b). This action has been styled as a class action. (Compl. ¶¶ 16–22).

14. CAFA requires the existence of at least 100 members in Plaintiff's proposed class. 28 U.S.C. § 1332(d)(5)(B).

15. Plaintiff seeks to represent "[a]ll individuals in California who, within the statute of limitations period, have had a credit card, debit card and/or a third-party payment account charged by Defendants as part of an automatic renewal program or a continuous service program." (Compl. ¶ 16).

16. The Complaint alleges that the "[c]lass consists of at least 100 members." (Compl. ¶ 19). Indeed, in the four years preceding the filing of the Complaint in this action, more than 100 residents of California purchased Keranique products from Defendants "as part of an automatic renewal program or a continuous service program." Surwilo Decl., ¶ 8.

### C.   The Amount in Controversy Exceeds $5 Million

17. CAFA authorizes the removal of class actions in which the amount in controversy for all potential class members exceeds $5 million. 28 U.S.C. §§ 1332(d)(2), (d)(6). Plaintiff and the proposed class seek restitution, injunctive relief, and attorneys' fees. (Compl. ¶¶ 33, 34, 41, 49). "[A] removal notice need only plausibly allege, not detail proof of, the amount in controversy." *Dart Cherokee*, 135 S. Ct. at 550 (2014).

18. Without conceding any merit to the Complaint's allegations or causes of action, the amount in controversy here satisfies CAFA's jurisdictional threshold.

19. The Complaint is silent regarding whether the aggregate total amount in controversy exceeds $5,000,000.

20. Plaintiff seeks to represent "[a]ll individuals in California who, within the statute of limitations period, have had a credit card, debit card and/or a third-party payment account charged by Defendants as part of an automatic renewal program or a continuous service program." (Compl. ¶ 16).

21. Plaintiff claims that as a result of Defendants' alleged wrongdoing, Plaintiff and putative members of the class she seeks to represent "are entitled to restitution of all amounts that Defendants charged to Plaintiff's and Class members' credit cards, debit cards, or third-party payment accounts during the four years preceding the filing of this Complaint and continuing until Defendants' statutory violations cease." (Compl. ¶ 33).

22. Defendants deny Plaintiff's claims of wrongdoing, but the allegations in Plaintiff's Complaint and the total amount of restitution, injunctive relief,

1  attorneys' fees, and other monetary relief at issue in this action, on an aggregate,
2  class-wide basis, exceeds CAFA's $5 million jurisdictional threshold.

3    23.   In the four years preceding the filing of the Complaint in this action,
4  the sales of Keranique products by Defendants to customers in the State of
5  California "as part of an automatic renewal program or a continuous service
6  program" well exceeds $5,000,000. Surwilo Decl. ¶ 9.

7    24.   The above calculation simply assumes, *for CAFA removal purposes
8  only*, that were Plaintiff able to prove his allegations, the total amount of monetary
9  relief sought by Plaintiff exceeds $5 million, exclusive of interests and costs, as
10 detailed above.

11   25.   In addition to restitution and injunctive relief, Plaintiff also seeks an
12 award of attorneys' fees. (Compl. Prayer). This amount is included in the amount
13 in controversy calculation. *See Mo. State Life Ins. Co. v. Jones*, 290 U.S. 199, 202
14 (1933); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

15   26.   Accordingly, this case meets all of CAFA's requirements for removal
16 and is timely and properly removed by the filing of this Notice.

## V.   CONCLUSION

17   27.   WHEREFORE, having provided notice as required by law, the above-
18 captioned action should be removed from the San Diego Superior Court.

DATED: April 24, 2017          KELLEY DRYE & WARREN LLP


                               By /s/ Lee S. Brenner
                               _____
                                   Lee S. Brenner
                                   Attorneys for Defendants International Hair
                                   Institute, LLC, and Keranique, LLC

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 10100 Santa Monica Boulevard, Twenty-Third Floor, Los Angeles, California 90067-4008.

On April 24, 2017, I served true copies of the following document(s) described as: **DEFENDANTS INTERNATIONAL HAIR INSTITUTE, LLC, and KERANIQUE, LLC'S NOTICE OF REMOVAL** on the interested parties in this action as follows:

> James T. Hannink, Esq.
> Zach P. Dostart, Esq.
> DOSTART HANNINK & COVENEY LLP
> 4180 La Jolla Village Drive, Suite 530
> La Jolla, California 92037-1474
> Telephone: (858) 623-4200
> Fax: (858) 623-4299
> Email: jhannink@sdlaw.com.com
> Email: zdostart@sdlaw.com

☒ **BY FEDEX**: I enclosed said document(s) in an envelope or package provided by FedEx and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx or delivered such document(s) to a courier or

☒ **BY E-MAIL (courtesy copy)**: I caused a courtesy copy of the document(s) to be sent from e-mail address jsaylor@kelleydrye.com to the persons at the e-mail addresses listed above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 24, 2017, at Los Angeles, California.

*Barbara J. Hope*
Barbara J. Hope